RANEY v GEORGE BEHM & SONS CO.

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1576. Decided Jan. 5, 1940.

Webb R. Clark, Dayton, for plaintiff-appellant.

McMahon, Corwin, Landis & Markham, Dayton, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

The notice of appeal states that it is on questions of law and fact. This is an error as a cursory examination of §12223-1 GC will demonstrate. We urge counsel to give a little study to the New Procedural Act effective January 1, 1936.

An appeal on question of law and fact means a chancery appeal and a de novo hearing. The instant case was a personal injury action and no one could think of it as a chancery proceeding. Hence, the notice of appeal should have been on law.

Counsel on both sides apparently have treated it as an appeal on law and we shall so determine it.

The following short summary of facts is essential to an understanding of the nature of the controversy and the claimed errors.

On the 9th day of November, 1936, the plaintiff was injured while painting a window sash on the second floor of the Charles Loos School; the window was being painted on the outside and plaintiff gained access to the window by means of a thirty-two foot section ladder; he was on the ladder in the second round from the top and as he pulled on the sash to get it out so it could be painted it suddenly fell from its location striking plaintiff and knocking him to the ground, a distance of about twenty-five feet; he landed on his heel and suffered severe injuries.

The complaint against the defendant is stated in the petition as follows:

"Plaintiff further says that earlier in the day on said 9th of November, 1936 as Russell Flatter, agent and employe of defendant, opened the said window from which plaintiff fell, the hinge in the ventilator broke. Plaintiff further says that said Russell Flatter, agent of

defendant, closed said window and left no warning to this plaintiff that the hinge was broken, nor was plaintiff able to observe this before opening the window sash as above related. Plaintiff further says that the negligence of defendant's agent, Russell Flatter, in closing said window and giving no warning to this plaintiff that said sash was broken was the proximate cause of the injury to this plaintiff."

The defendant company was a subcontractor engaged to do the glazing work on the windows in said school building.

No contractural relations existed between plaintiff and defendant.

There was an entire failure of proof on the claim that the agents of defendant broke the hinge in the ventilator, as alleged in the petition. There was evidence to the effect that the window was broken when Mr. Flatter glazed it; that after glazing it he left it in the same position that he found it. It was the contention of plaintiff that there rested an obligation on the part of the servants of the defendant company to notify plaintiff of this broken part in the window sash. Counsel for the defendant urge that defendant owed no legal duty to the plaintiff to warn him of the condition in the window.

The trial court adopted this theory and, after the close of the testimony on behalf of plaintiff, sustained defendant's motion and directed a verdict against plaintiff.

We have no difficulty in arriving at the conclusion that the evidence fails to sustain any charge of actionable negligence.

The evidence fails directly or by inference to establish that the servants of the defendant company broke the sash. The only evidence as to the time of breaking was to the effect that it was broken before defendant's glazer started to work on this window.

No evidence was introduced as to how, when or by whom the sash was broken. No claim is made that the defendants left the window in any different condition than they found it. In other words, the accident could just as easily have happened if the glazers had not been working on the window at all.

Under the state of the record, we have no alternative but to say that the judgment of the trial court was correct and the same is, therefore, affirmed.

Cause remanded.

Costs in this court adjudged against appellant.

HORNBECK, PJ. & GEIGER, J., concur.